# THE CONSOLIDATED COAL COMPANY OF ST. LOUIS
## v.
## THOMAS BRUCE.

*Master and Servant—Negligence of Master—Personal Injury to Employe—Duty to Inform Servant of Dangers of Service—Coal Mines.*

1. A servant has a right to rely upon his master's compliance with a duty by the law imposed as to the dangers of his employment, and in the absence of notice to the contrary, has the right to conclude that the place in which he is required to work is not dangerous, and that the kind of work he is directed to do, can be safely done without a critical examination of the surroundings.

2. In an action brought to recover for a personal injury, the declaration should not allege that the plaintiff had no notice of a certain condition of things when he was in presence thereof, unless some reason can be assigned why he was not in possession of his senses.

3. The averment of the plaintiff in the case presented, that he used due care and caution in performing the work he was called upon to do, is not negatived by the fact that he did not notice the steepness of a certain grade.

[Opinion filed June 26, 1893.]

APPEAL from the Circuit Court of Clinton County; the Hon. A. S. WILDERMAN, Judge, presiding.

Mr. CHARLES W. THOMAS, for appellant.

Messrs. VAN HOOREBEKE & FORD, for appellee.

MR. JUSTICE GREEN. It is averred in the first count of plaintiff's declaration that defendant owned and operated in Trenton, in Clinton County, a certain coal mine, and before and at the time of committing the grievances complained of, certain parts of said mine were extra hazardous and dangerous for persons unacquainted with the topography of the mine and its conditions. That it was the duty of defendant to inform and notify its employes, on enter-

ing upon their duties in said mine, of the places therein which were extra hazardous and dangerous, before sending them to work in such parts of said mine, and inform said employes of the nature and character of such extra hazard. That plaintiff was employed by defendant to shovel and load coal in said mine, and informed defendant that he, the plaintiff, had but little experience in mines, and had none except in shoveling and loading coal. That after his employment by defendant on January 1, 1891, he commenced in said mine the work of shoveling and loading coal, and continued at such work until February 25, 1891, when he was directed by the defendant to go to a part of the mine with which plaintiff was wholly unfamiliar, and where he had never been, and bring away a car loaded with dirt and standing in the entry near one of the rooms in said mine, and unload it in one of the empty rooms some distance along the entry. That the part of the mine where said loaded car was standing, and along the entry to the place said car was to be unloaded, was extra hazardous and dangerous owing to the steep grade in the entry, of which plaintiff had no knowledge or notice, nor was he informed thereof by defendant.

That plaintiff proceeded with due care and caution to push said car, to move it along the entry to the place of unloading, but could not move it because of some dirt in front of the wheels and he then went in front of the car and proceeded to remove the dirt and then with due care and caution pulled on the car to ascertain if it was free, when it started down said grade, gaining greater velocity as it went. That as soon as it started he endeavored to stop it so that he might get behind it, but owing to the steep grade, and momentum of the car, was unable to do so. That owing to his efforts to stop the car, his light was extinguished and he was left in utter darkness, and being unfamiliar with that part of the mine, and the car moving at great speed, he was unable to get out of the way of it, and was unavoidably struck by the car and thrown against the side of the entry and finally thrown down and greatly injured. The personal injuries

are then specifically described. The second count of the
declaration was not relied on by plaintiff and need not be
referred to. The plea of general issue was entered and
*similiter* added. The jury found defendant guilty and
assessed plaintiff's damages at $2,000; $500 of this amount
was remitted by plaintiff. Defendant's motion for a new
trial was overruled, and judgment entered for plaintiff for
$1,500 and costs. The errors assigned are, first, the Circuit
Court erred in denying motion for new trial; second, on
entering judgment on the verdict. No objections to the
rulings of the court during the trial are suggested in the
printed argument on behalf of appellant, but it is said the
first count sets out no cause of action, because it shows on
its face that plaintiff did not exercise any due or proper care.
A steep grade can be seen. If this is so, the allegation that
plaintiff had no notice of it, when he was where it was, is
mere nonsense, unless some reason is alleged why he lost his
senses. The count does not allege that his light went out
until after he started the car, and even if it had, it would
have been gross negligence to attempt to move the car in
the dark. If this count is obnoxious to these objections, a
demurrer would have reached them, and furnished an
effectual means of disposing of the case, without the expense
of a trial by jury and preparing a voluminous record for the
inspection of this court. But we do not think the count is
defective. The particular duty which defendant as master
owed the plaintiff as his servant, and for the non-performance
of which negligence is charged, is specifically averred, and
the facts showing such negligence are set up in apt words.
It is also averred that plaintiff used due care and caution in
performing the work he was directed to do, and the fact
that he did not see the steep grade does not negative the
averment. He had a right to rely upon the master's com-
pliance with a duty by the law imposed, and in the absence
of notice to the contrary, had the right to conclude that the
place of work was not dangerous, and the kind of work he
was directed to do there could be safely done without a
critical examination of the surroundings.

The additional points suggested on behalf of appellant, are, that there was no evidence showing, or tending to show, that appellant owned or operated the mine in which appellee was injured, and no evidence which showed or tended to show that appellee was ever in the service of appellant, and no evidence directly or remotely connecting appellant with appellee's injury. Testimony of appellee, Gaffner, Adamson, McDonald and Eckleberger, not only tended to prove appellant owned and operated said mine at the time of appellee's injury, but justified the jury in finding such to be the fact, and testimony of all of said witnesses, except Gaffner, tended to show and warranted the jury in finding appellee was in the service of appellant, as averred in the declaration. The evidence established the material facts averred, the injuries to plaintiff and the negligence of appellant by means of which such injuries were occasioned. The judgment is affirmed.

*Judgment affirmed.*